ON APPLICATIONS FOR REHEARING
Duren has filed an application for rehearing in this case; he states that he has made a strong showing that his trial counsel was ineffective and that he was prejudiced as a result. The State has also filed an application for rehearing; it asks us to modify our original opinion to hold that issues other than those issues purportedly raised by Duren, but not addressed by him in his brief (the ineffectiveness of counsel issues), were not properly presented to this Court or, in the alternative, to affirm the judgment of the Court of Criminal Appeals on each of the issues addressed by the Court of Criminal Appeals in its opinion. The State seems to be concerned that Duren, in his petition for the writ of certiorari and in his brief, argued only the two issues addressed by this Court in the original opinion, but Duren insists that he raised several other issues by making a reference to those issues in footnote one in his brief:
 This brief and petition raise only those issues within the core of the subject areas delineated in Rule 39(c) [A.R.App.P.]. However, Duren's effort to comply with the strictures of the Rule does not constitute waiver of other arguments raise[d] in the Rule 20 [A.R.Crim.P.Temp.] petition and on appeal. Indeed, to the fullest extent permissible under Rule 39(c), liberally construed, Duren will ask that any Supreme Court review encompass the full range of arguments submitted to and addressed by the Court of Criminal Appeals.
On his application for rehearing, Duren does indeed claim that there were other meritorious issues raised in his petition and addressed by the Court of Criminal Appeals that he wants us to address. Again, however, he devotes only one paragraph of his rehearing brief to call our attention to those issues:
 "Mr. Duren raised a number of meritorious issues in this Court. He directs this Court's attention to his appeal briefs and the record on appeal, and urges this Court to reconsider its judgment upholding his conviction and sentence of death. Mr. Duren incorporates by reference his prior pleadings in invoking this Court's review and reconsideration of all issues raised and all issues constituting plain error."
Regarding the other issues alluded to by Duren, we note that the trial judge made findings of fact relating to these issues and that the Court of Criminal Appeals adopted those findings by the trial court. We find no error in those findings.
We have carefully considered Duren's application for rehearing and also the State's application for rehearing, and we are of the opinion that each is due to be denied.
APPLICATIONS FOR REHEARING OVERRULED; OPINION EXTENDED.
SHORES, ADAMS, HOUSTON, STEAGALL and INGRAM, JJ., concur.